UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------- X

RASHEED INNIS, RASHARD INNIS, LARRY DAILY, ANTHONY HERNANDEZ, CHARLES CHERRY, FELIX COLLADO,

Plaintiffs,

-against-

THE CITY OF NEW YORK, Police Officer COREY MAGUIRE, Shield No. 6103, Police Officer JOHN and JANE DOE # 1 through 10 in their individual and official capacities as employees of the City of New York,

Defendants.
---------------------------------------------------------- X

**COMPLAINT**

Jury Trial Demanded

Plaintiffs, RASHEED INNIS, RASHARD INNIS, LARRY DAILY, ANTHONY HERNANDEZ, CHARLES CHERRY, FELIX COLLADO, by their attorney, The Rameau Law Firm, allege the following, upon information and belief, for this Complaint:

**INTRODUCTION**

1. This is a civil rights action for money damages brought pursuant to 42U.S.C. §§ 1981, 1983, and 1988, the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the common law of the State of New York, against the defendants mentioned above in their individual and official capacities, and against the City of New York.

2. On October 30, 2015, Defendants, Police Officer COREY MAGUIRE, Shield No. 6103, Police Officer JOHN and JANE DOE # 1 through 10 (collectively, the "Defendants") unlawfully arrested Plaintiffs without

probable cause and then assaulted them, all without any justification or due cause.

3. Plaintiffs seek compensatory and punitive damages and an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

4. Plaintiffs RASHEED INNIS, RASHARD INNIS, LARRY DAILY filed a claim on January 28, 2016.

5. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

6. This action has been commenced within one year and ninety days after the happening of events upon which the claims are based.

**JURISDICTION**

7. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiffs also assert jurisdiction over the City of New York under 28 U.S.C. §§ 1331 and 1367. Plaintiffs request that this Court exercise pendent jurisdiction over any state law claims arising out of the same common nucleus of operative facts as Plaintiffs' federal claims.

**VENUE**

8. Under 28 U.S.C. § 1391 (b) and (c) , venue is proper in the Southern District of New York.

**PARTIES**

9. Plaintiffs RASHEED INNIS, RASHARD INNIS, LARRY DAILY, ANTHONY HERNANDEZ, CHARLES CHERRY, FELIX COLLADO were at all

material times residents of the City of New York, New York State, and of proper age to commence this lawsuit.

10. Defendant Police Officer Corey Maguire, Shield No. 6103 ("Maguire"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Maguire is sued in his individual and official capacities.

11. Defendant Maguire at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' constitutional rights.

12. Defendants JOHN and JANE DOE 1 through 10 were at all relevant times an officer employed by the N.Y.P.D., acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/ or the City of New York, and acting within the scope of his authority and employment. He is named here in his individual official capacities.

13. Defendants JOHN and JANE DOES 1 through 10 were at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' constitutional rights

14. Defendant City of New York (hereinafter "The City") is, and was at all relevant times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of officers and supervisory officers, including the Defendants.

**FACTUAL ALLEGATIONS**

15. Plaintiffs are African-American males.

16. On October 30, 2015, at approximately 6:30 p.m., Plaintiffs were present inside of 5240 Broadway visiting a friend, in the County of Bronx, State of New York.

17. The plaintiffs were playing a video game as they heard a loud banging on the front door.

18. When plaintiff Rasheed Innis asked who it was, the defendants replied, "Open the fucking door or I'll shoot you."

19. A group of defendant police officers broke inside the apartment with their guns drawn at plaintiffs.

20. The defendant officers arrested plaintiffs and ordered plaintiffs to sit on the floor for approximately two (2) hours while handcuffed extremely tightly, as the defendants ransacked the apartment.

21. The defendants then dragged plaintiffs away and transported plaintiffs to a police precinct where plaintiffs spent additional 48 hours in custody.

22. At the precinct, the Defendant Maguire and/or John Does 1 through 4 falsely informed members of the District Attorney's Office that plaintiffs committed various crimes.

23. The assigned prosecutor thereafter incorporated defendant Maguire's false accusations against Plaintiffs into the complaint, which

Maguire signed.

24. Plaintiffs made a number of court appearances before the case against plaintiffs was ultimately dismissed.

25. As a result of the Defendants' actions, plaintiffs suffered physical injuries, mental and emotional harm of a permanent nature, loss of liberty, loss of reputation, and other damages.

**COUNT ONE**
**False Arrest**
**42 U.S.C. §1983**

26. Plaintiffs repeat and reallege each and every allegation above as if fully set forth herein.

27. The Defendants, individually and in concert, and acting under the color of law, deprived Plaintiffs of their rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable searches and seizures and to their liberty by searching, arresting, confining, causing the confinements, and/ or continuing the confinements of Plaintiffs without any privilegewhatsoever.

28. Plaintiffs were conscious of their confinements.

29. Plaintiffs did not consent to their confinements.

30. The Defendants each deprived Plaintiffs of their rights intentionally, knowingly, willfully, or recklessly, under color of law.

31. As a direct and proximate result of the misconduct and abuse

of authority detailed above, Plaintiffs sustained the damages herein alleged.

**COUNT TWO**
**Assault and Battery**

32. Plaintiffs repeat and reallege each and every allegation above as if fully set forth herein.

33. The Defendants intentionally touched Plaintiffs and caused them physical injury in the October 2015 incident.

34. The Defendants' touching of Plaintiffs was harmful and offensive and occurred without legal justification, excuse, or privilege.

35. Plaintiffs did not consent to physical contact by any of the Defendants.

36. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such unlawful conduct, had a duty to intervene and prevent such unlawful conduct, and knowingly and intentionally failed to intervene.

37. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein alleged.

**COUNT THREE**
**Malicious Prosecution**

38. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

39. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

40. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiffs of their constitutional rights. The prosecution by defendants of plaintiffs constituted malicious prosecution in that there were no basis for the plaintiffs' arrest, yet defendants continued with the prosecution, which was resolved in plaintiffs' favor.

41. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## COUNT FOUR
## State Law Malicious Prosecution

42. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

43. By their conduct, as described herein, defendants are liable to plaintiffs for having committed malicious prosecution under the laws of the State of New York.

44. Defendants maliciously commenced criminal proceeding against plaintiffs, charging them with resisting arrest, menacing and disorderly

conduct. Defendants falsely and without probable cause charged plaintiffs with violations of the laws of the State of New York.

45. The commencement and continuation of the criminal proceedings against plaintiffs was malicious and without probable cause.

46. All charges were terminated in plaintiffs' favor.

47. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiffs. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

48. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein

**COUNT FIVE**
**Malicious Abuse of Process**

49. Plaintiffs repeat and reallege each and every allegation above as if fully set forth herein.

50. The Defendants each maliciously and sadistically abused their government power in their actions toward plaintiffs.

51. These actions were of a kind likely to, and which in fact did, produce substantial injury to plaintiffs.

52. The Defendants treated plaintiffs in a manner that shocks the conscience.

53. The Defendants thus violated Plaintiffs' right to substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution.

54. The Defendants each deprived Plaintiffs of their rights intentionally, willfully, or recklessly, under color of law.

55. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein alleged.

**COUNT SIX**
**Due Process/ Fair Trial against**
**Defendant MAGUIRE**

56. Plaintiffs repeat and reallege each and every allegation above as if fully set forth herein.

57. Defendant MAGUIRE deprived Plaintiffs of their rights under the Fifth, and Fourteenth Amendments to the United States Constitution by manufacturing false evidence through his account that Plaintiffs trespassed the premises.

58. MAGUIRE used this false evidence to initiate criminal proceedings against Plaintiffs.

59. The State thereafter used this evidence to initial criminal proceedings against Plaintiffs.

60. As a result, Plaintiffs were deprived of their liberty.

61. MAGUIRE deprived Plaintiff of his rights intentionally, willfully, or recklessly, under color of law.

62. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein alleged.

**COUNT SEVEN**
***Respondeat Superior* Liability**
**Against the City of New York**

63. Plaintiffs repeat and reallege each and every allegation above as if fully set forth herein.

64. The aforementioned conduct of the Defendants occurred while they were on duty and were within the scope of their authority as officers.

65. Thus, Defendant City of New York is liable to Plaintiffs for their damages under the doctrine of *respondeat superior* for the actions of the officers.

**COUNT EIGHT**
**Failure To Intervene**

66. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

67. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

68. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

69. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**COUNT TEN**
***MONELL* against defendant City of New York**

70. Plaintiffs repeat and reallege each and every allegation as if fully

set forth herein.

71. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiffs.

72. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

73. The City, through its police department, has a *de facto* quota police that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

74. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

75. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

76. These policies, practices, and customs were the moving force behind plaintiffs' injuries.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs request` that this Court:

a) Award compensatory damages against the defendants, jointly and severally;

b) Award punitive damages against the individual defendants, jointly and severally;

c) Award costs of this action to the plaintiffs;

d) Award reasonable attorneys' fees and costs to the plaintiffs pursuant to 28 U.S.C. § 1988;

e) Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiffs hereby demand a jury trial.

Dated: January 16, 2017
Brooklyn, New York

AR

Amy Rameau, Esq.
The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
(718) 852-4759
rameaulawny@gmail.com