USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/24/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

RASHEED INNIS, et al.,

                Plaintiffs,   :  17 Civ. 323 (LTS)(HBP)

  -against-                  :  OPINION
                                   AND ORDER
THE CITY OF NEW YORK, et al.,

                Defendants.  :

-----------------------------------X

        PITMAN, United States Magistrate Judge:

I. Introduction

        Plaintiff moves for an Order pursuant to Fed.R.Civ.P. 15 permitting the filing of an amended complaint adding eleven defendants. For the reasons set forth below, the motion is granted.

II. Facts

        This is a civil rights action brought pursuant to 42 U.S.C. § 1983. In pertinent part, plaintiffs allege that on or about October 30, 2015 they were present in an apartment in the Bronx, New York when the defendant police officers forced their way into the apartment, allegedly threatening to shoot plaintiffs if they did not grant access to the apartment. Plaintiffs allege

that defendants then conducted a warrantless search of the apartment, used excessive force against the plaintiffs and arrested the plaintiffs on false charges which were ultimately dismissed.

As noted above, the proposed amended complaint seeks to add eleven defendants to the action. It does not alter the material allegations of the complaint.

III. Analysis

The standards applicable to a motion to amend a pleading are well settled and require only brief review. Leave to amend a pleading should be freely granted when justice so requires. Fed.R.Civ.P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962); Medina v. Tremor Video, Inc., 640 F. App'x 45, 47 (2d Cir. 2016) (summary order); Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015); Dluhos v. Floating & Abandoned Vessel, Known as "New York", 162 F.3d 63, 69 (2d Cir. 1998); Gumer v. Shearson, Hammill & Co., 516 F.2d 283, 287 (2d Cir. 1974). This "permissive standard . . . is consistent with [the] strong preference for resolving disputes on the merits." Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, supra, 797 F.3d at 190 (internal quotation marks omitted). "[M]otions to amend should generally be denied in

2

instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008) (per curiam), citing Foman v. Davis, supra, 371 U.S. at 182; accord American Home Assurance Co. v. Jacky Maeder (Hong Kong) Ltd., 969 F. Supp. 184, 187-88 (S.D.N.Y. 1997) (Kaplan, D.J.); see also Lee v. Regal Cruises, Ltd., 916 F. Supp. 300, 303 (S.D.N.Y. 1996) (Kaplan, D.J.), aff'd, 116 F.3d 465 (2d Cir. 1997) (summary order), citing Foman v. Davis, supra, 371 U.S. at 182.

A proposed amended complaint is futile when it fails to state a claim. AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 726 (2d Cir. 2010); Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d Cir. 1990); Mina Inv. Holdings Ltd. v. Lefkowitz, 184 F.R.D. 245, 257 (S.D.N.Y. 1999) (Sweet, D.J.); Parker v. Sony Pictures Entm't, Inc., 19 F. Supp. 2d 141, 156 (S.D.N.Y. 1998) (Kaplan, D.J.), aff'd in pertinent part, vacated in part on other grounds sub nom., Parker v. Columbia Pictures Indus., 204 F.3d 326 (2d Cir. 2000). See generally Dluhos v. Floating & Abandoned Vessel, Known as "New York", supra, 162 F.3d at 69-70. The party opposing the amendment has the burden of demonstrating that leave to amend would be futile. Staskowski v.

County of Nassau, No. 05-CV-5984 (SJF)(WDW), 2007 WL 4198341 at *4 (E.D.N.Y. Nov. 21, 2007); Lugosch v. Congel, No. 00-CV-784, 2002 WL 1001003 at *1 (N.D.N.Y. May 14, 2002), citing Blaskiewicz v. County of Suffolk, 29 F. Supp. 2d 134, 137-38 (E.D.N.Y. 1998).

An amendment to a complaint may, therefore, be denied as futile if a defendant can show that there is no "set of facts consistent with the allegations in the complaint" which would entitle the plaintiff to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007). A proposed amended complaint is not futile when the "[f]actual allegations [are sufficient] to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, supra, 550 U.S. at 555.

It is well settled that a court's review of the viability of a proposed amended complaint is generally limited to the "four corners of [the] complaint." See Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998); Arnold v. Research Found. for State Univ. of N.Y., 216 F. Supp. 3d 275, 284 (E.D.N.Y. 2016); Joinnides v. Floral Park-Bellerose Union Sch. Dist., No. CV 12-5682 (JS)(AKT), 2015 WL 1476422 at *15 (E.D.N.Y. Mar. 31, 2015). It is also well settled that in determining whether a proposed amended complaint is futile, the court must assume the truth of the allegations set forth therein. Panther

Partners Inc. v. Ikanos Commc'ns, Inc., 681 F.3d 114, 119 (2d Cir. 2012); Wallace v. Warden of M.D.C., 14 Civ. 6522 (PAC)(HBP), 2016 WL 6901315 at *3 (S.D.N.Y. Nov. 23, 2016) (Pitman, M.J.); Max Impact, LLC v. Sherwood Grp., Inc., 09 Civ. 902 (LMM)(HBP), 2012 WL 3831535 at *2 (S.D.N.Y. Aug. 16, 2012) (Pitman, M.J.); Edwards v. City of New York, No. 07-CV-5286 (CPS)(RML), 2009 WL 1910740 at *2 (E.D.N.Y. June 29, 2009); Da Cruz v. Towmasters of N.J., Inc., 217 F.R.D. 126, 128 n.1 (E.D.N.Y. 2003); Binder v. National Life of Vt., 02 Civ. 6411 (GEL), 2003 WL 21180417 at *2 (S.D.N.Y. May 20, 2003) (Lynch, then D.J., now Cir. J.); Gabourel v. Bouchard Transp. Co., 901 F. Supp. 142, 144 (S.D.N.Y. 1995) (Chin, then D.J., now Cir. J.).

To the extent a proposed amendment would add new parties, the motion is technically governed by Rule 21, which provides that "the court may at any time, on just terms, add or drop a party." Fed.R.Civ.P. 21; Otegbade v. New York City Admin. for Children Servs., 12 Civ. 6298 (KPF), 2015 WL 851631 at *2 (S.D.N.Y. Feb. 27, 2015) (Failla, D.J.); FTD Corp. v. Banker's Tr. Co., 954 F. Supp. 106, 109 (S.D.N.Y. 1997) (Stein, D.J.). However, "the same standard of liberality" applies under Rule 21. Otegbade v. New York City Admin. for Children Servs., supra, 2015 WL 851631 at *2; FTD Corp. v. Banker's Tr. Co., supra, 954 F. Supp. at 109, citing Expoconsul Int'l, Inc. v. A/E Sys., Inc.,

145 F.R.D. 336, 337 n.4 (S.D.N.Y. 1993) (Preska, D.J.) and Fair Hous. Dev. Fund Corp. v. Burke, 55 F.R.D. 414, 419 (E.D.N.Y. 1972); see Sly Magazine, LLC v. Weider Publ'ns L.L.C., 241 F.R.D. 527, 532 (S.D.N.Y. 2007) (Casey, D.J.); Chowdhury v. Haveli Rest., Inc., 04 Civ. 8627 (RMB)(JCF), 2005 WL 1037416 at *1 (S.D.N.Y. May 3, 2005) (Francis, M.J.).

Defendants oppose the motion as to seven of the eleven new defendants -- Jesse Hernandez, Francisco Grullon, Margarette Gulinello, Charles Davis, Frantz Louis, Keith Stewart and Nizimba Williams (the "Opposing Defendants") -- on the ground that these individuals were not actually involved in the alleged conduct that gives rise to the claims. The Opposing Defendants argue that the proposed amendment is, therefore, futile and prejudicial.

The Opposing Defendants' futility and prejudice arguments are both grounded on a factual contention that contradicts the allegations in the proposed amended complaint. Although personable involvement is unquestionably required for liability under Section 1983, Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010); Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006), the factual issue of whether a proposed new defendant was actually personally involved in a constitutional tort cannot generally be resolved in the procedural context of a motion to amend. As the

6

authorities cited above teach, in resolving the present motion, I must assume the truth of the allegations in the proposed amended complaint unless they are contradicted by judicially noticeable facts. New York ex rel. Khurana v. Spherion Corp., 15 Civ. 6605 (JFK), 2017 WL 1437204 at *3 (S.D.N.Y. Apr. 21, 2017) (Keenan, D.J.). Because the Opposing Defendants have not demonstrated that the proposed amended complaint fails to state a claim or that there are judicially noticeable facts proving that the allegations in the proposed amended complaint are not plausible, they have failed to show futility.

The Opposing Defendants' prejudice argument is equally unconvincing. The Opposing Defendants do not claim -- and given the early stage of this litigation, they could not credibly claim -- that they will be unable to litigate fairly the claims against them. Rather, they argue that they are prejudiced by having to bear the burden of defending claims that will ultimately fail on the merits. However, "complaints of 'the time, effort and money . . . expended in litigating [the] matter,' without more, [do not] constitute prejudice sufficient to warrant denial of leave to amend." Pasternack v. Shrader, 863 F.3d 162, 174 (2d Cir. 2017), quoting Block v. First Blood Assocs., 988 F.2d 344, 351 (2d Cir. 1993); accord Monahan v. New York City Dep't of Corr., 214 F.3d 275, 284 (2d Cir. 2000); Anderson v. Greene, 14 Civ.

7

10249 (KPF), 2017 WL 3503686 at *15 (S.D.N.Y. Aug. 16, 2017) (Failla, D.J.).

Finally, the Opposing Defendants assert a passing objection to the form of the proposed amended complaint. The proposed amended complaint does not specify the role of each of the defendants. Rather, the proposed amended complaint ascribes the allegedly unconstitutional conduct to all of the defendants. For example, the proposed amended complaint alleges:

> 28. The individual defendant police officers forcibly entered the apartment with guns drawn and seized the plaintiffs.
>
> 29. The defendants held the seized plaintiffs at the location for a lengthy period of time while they ransacked the apartment.
>
> 30. The defendants eventually transported plaintiffs to a police precinct where plaintiffs were detained for many hours before being brought to Central Booking, where they were further detained.
>
> 31. The defendants did not have a warrant to enter the premises, nor consent to enter the premises, nor were there any exigent circumstances that the defendants could reasonably believe would permit their forcible entry into the premises.

(Proposed Amended Complaint, ¶¶ 28-31, annexed as an exhibit to the Declaration of Amy Rameau, Esq. dated Oct. 2, 2017 (Docket Item 26)). As the foregoing sample demonstrates, plaintiffs have not set forth the personal involvement of each of the defendants with specificity.

Although the Objecting Defendants raise the issue, they cite no authorities addressing the validity of such pleading. My own research has disclosed only one case addressing the issue -- Messina v. Mazzeo, 854 F. Supp. 116, 125-26 (E.D.N.Y. 1994) in which the Honorable I. Leo Glasser, United States District Judge, found such collective pleading adequate to allege personal involvement because it provided the defendants with notice of what they were alleged to have done. I agree with the result reached in Messina; like the complaint in Medina, the complaint here is sufficient to put defendants on notice of their alleged wrong doing. In addition to the reasons offered in Messina for finding such a pleading sufficient, I also note that Fed.R.Civ.P. 9(b), which requires that certain claims be alleged with particularity, does not, by its terms, apply to Section 1983 actions. Second, if there were only two defendants, there would be little question that plaintiffs' collective pleading is valid; logically, there is no reason why it should not also be sufficient for more than two defendants. Finally, although specificity could be gained by compelling plaintiff to repeat the same allegations with respect to each of the defendants, requiring such a repetitive pleading would not serve any useful purpose.[1]

---

[1] The Opposing Defendants also claim that plaintiffs lack a
(continued...)

IV. Conclusion

Accordingly, for all the foregoing reasons, plaintiffs' motion to file an amended complaint (Docket Item 26) is granted.

---

[1](...continued)
good faith basis for their allegations against them. Given that I must accept the allegations in the proposed amended complaint as true, the Opposing Defendants' opposition to a motion to amend is not an effective vehicle to assert this argument. Nevertheless, Fed.R.Civ.P. 11(b) provides that:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed <u>after an inquiry reasonable under the circumstances</u>:
>
>       \*    \*    \*
>
> (3) <u>the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery</u> . . . .

(Emphasis added.). This Order is not a finding that any of the factual allegation in the proposed amended complaint have, or will have, evidentiary support nor is it a finding that they are well grounded in fact.

Plaintiffs' counsel may want to reconsider the breadth of their proposed amended pleading, and defendants' counsel may want to consider the remedies available under Rule 11 and the other provisions of Title 28.

Plaintiffs are directed to serve and file their amended complaint within 14 days of the date of this Order.

Dated:  New York, New York
        October 24, 2017

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel