UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

RASHEED INNIS, RASHARD INNIS, LARRY
DAILY, ANTHONY HERNANDEZ, CHARLES
CHERRY, and FELIX COLLADO,

                              Plaintiffs,

            -against-

THE CITY OF NEW YORK, COREY MAGUIRE,
RAYMOND FARRELLY, MICHAEL BEST,
CARMEN MATEO, JOHN FODER, JESSE
HERNANDEZ, FRANCISCO GRULLON,
MARGARETTE GULINELLO, CHARLES DAVIS,
FRANTZ LOUIS, KEITH STEWART, NIZIMBA
WILLIAMS, and JOHN DOES 1-5 in their
individual and official capacities as employees
of the City of New York,

                              Defendants.

-----------------------------------------------------------------X

**FIRST AMENDED
COMPLAINT**

Jury Trial Demanded

17-CV-323 (LTS)

       The plaintiffs, RASHEED INNIS, RASHARD INNIS, LARRY DAILY,

ANTHONY HERNANDEZ, CHARLES CHERRY, FELIX COLLADO, by their

attorney, The Rameau Law Firm, allege the following, upon information and

belief, for this First Amended Complaint:

## INTRODUCTION

       1.     This is a civil rights action for money damages brought pursuant

to 42 U.S.C. §§ 1983 and 1988, as well as the common law of the State of

New York, against the defendants mentioned above in their individual and

official capacities, and against the City of New York.

       2.     On October 30, 2015, Defendants, RAYMOND FARRELLY,

MICHAEL BEST, CARMEN MATEO, JOHN FODER, COREY MAGUIRE, JESSE HERNANDEZ, FRANCISCO GRULLON, MARGARETTE GULINELLO, CHARLES DAVIS, FRANTZ LOUIS, KEITH STEWART, NIZIMBA WILLIAMS, and JOHN DOES 1-5 unlawfully arrested plaintiffs and assaulted them, all without any justification or due cause.

3.      Plaintiffs seek compensatory and punitive damages and an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

4.      Plaintiffs RASHEED INNIS, RASHARD INNIS, and LARRY DAILY filed notices of claim on January 28, 2016.

5.      At least thirty days have elapsed since the service of the notices of claim, and adjustment or payment of the claim has been neglected or refused.

6.      This action has been commenced within one year and ninety days after the happening of events upon which the claims are based.

## JURISDICTION

7.      This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiffs also assert jurisdiction over the City of New York and individual defendants under 28 U.S.C. §§ 1331 and 1367. Plaintiffs request that this Court exercise pendent jurisdiction over any state law claims arising out of the same common nucleus of operative facts as Plaintiffs' federal claims.

## VENUE

8.      Under 28 U.S.C. § 1391 (b) and (c), venue is proper in this district as the majority of the events occurred within the Bronx County.

2

Case 1:17-cv-00323-LTS-HBP Document 28-2 Filed 10/02/17 Page 3 of 18

## PARTIES

9.      Plaintiffs RASHEED INNIS, RASHARD INNIS, LARRY DAILY, ANTHONY HERNANDEZ, CHARLES CHERRY, FELIX COLLADO were at all material times residents of the City of New York, New York State, and of proper age to commence this lawsuit.

10.     Defendant COREY MAGUIRE, Shield No. 6103, at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant MAGUIRE is sued in his individual and official capacities.

11.     Defendant RAYMOND FARRELLY, Shield No. 13403, at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant FARRELLY is sued in his individual and official capacities.

12.     Defendant MICHAEL BEST, Shield No. 13403, at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant BEST is sued in his individual and official capacities.

13.     Defendant CARMEN MATEO, Shield No. 28436, at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant MATEO is sued in his individual and official capacities.

14.     Defendant JOHN FODER, Tax No. 903955, at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant FODER is sued in his individual and official capacities

15.     Defendant JESSE HERNANDEZ, at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant HERNANDEZ is sued in his individual and official capacities.

16.     Defendant FRANCISCO GRULLON, Shield No. 462, at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant GRULLON is sued in his individual and official capacities.

17.     Defendant MARGARETTE GULINELLO, Shield No. 3735, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant GULINELLO is sued in his individual and official capacities.

18.     Defendant CHARLES DAVIS, Shield No. 3566, at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant DAVIS is sued in his individual and official capacities.

19.     Defendant FRANTZ LOUIS, Shield No. 1871, at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant LOUIS is sued in his individual and official capacities.

20.     Defendant KEITH STEWART, at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant STEWART is sued in his individual and official capacities.

21.     Defendant NIZIMBA WILLIAMS, at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant WILLIAMS is sued in his individual and official capacities.

22.     Defendants John Doe 1 through 5 were at all times relevant herein members and employees and agents of the NYPD whose actual identities are not currently known to plaintiffs.

23.     Defendant City of New York (hereinafter "The City") is, and was at all relevant times, a municipal corporation duly organized and existing

4

pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of officers and supervisory officers, including the Defendants.

## FACTUAL ALLEGATIONS

24.     Plaintiffs are African-American males.

25.     On October 30, 2015, at approximately 6:30 p.m., plaintiffs were inside of 5240 Broadway visiting a friend, in the County of the Bronx, City and State of New York (the "premises").

26.     The plaintiffs, none of whom resided in the premises, were playing a video game in the living room when they heard a loud banging on the front door.

27.     When plaintiff Rasheed Innis asked who it was, upon information and belief, one of the individual defendants replied, either verbatim, or in sum and substance, "Open the fucking door or I'll shoot you."

28.     The individual defendant police officers forcibly entered the apartment with guns drawn and seized the plaintiffs.

29.     The defendants held the seized plaintiffs at the location for a lengthy period of time while they ransacked the apartment.

30.     The defendants eventually transported plaintiffs to a police precinct where plaintiffs were detained for many hours before being brought to Central Booking, where they were further detained.

31.     The defendants did not have a warrant to enter the premises, nor

5

Case 1:17-cv-00323-LTS-HBP   Document 28-2   Filed 10/02/17   Page 6 of 18

consent to enter the premises, nor were there any exigent circumstances that the defendants could reasonably believe would permit their forcible entry into the premises.

32.     The defendants claimed that exigent circumstances existed by virtue of a supposed claim that a gun had been fired in the apartment and that there was a woman and child in distress inside the premises.

33.     It was readily apparent to the defendants immediately upon their entry into the premises that no such exigency existed, as there was no woman or child in distress, and no evidence of a gun, much less a gunshot.

34.     Notwithstanding the above, and the absence of a search warrant, the defendants conducted a thorough search for contraband throughout the apartment, looking through closets, drawers, and the like.

35.     During the course of this warrantless search, the defendants forcibly broke into the locked bedroom of one of the residents. This person was not home at the time and had left his bedroom door closed and locked. It was inside this closed bedroom where the defendants found the alleged cocaine and imitation pistol.

36.     The defendants later lied and claimed to have found the alleged contraband in a common area in the premises, and did so in order to both circumvent their otherwise unlawful search of the premises and to justify their arrest of the guest plaintiffs, who plainly did not exercise custody, control, and dominion over the items found in the locked bedroom of the absent resident.

37.     At the precinct, defendant Maguire and/or one or more of the

6

other individual defendants falsely informed members of the Bronx District Attorney's Office that plaintiffs were in possession of this contraband by lying about where and how the contraband was found.

38.    Maguire and the other individual defendants further lied to prosecutors about the facts surrounding their warrantless entry into the premises in order to create the impression that exigent circumstances existed to justify their use of threatened deadly force to enter the premises without plaintiffs' consent.

39.    Prosecutors thereafter incorporated defendant Maguire's false accusations against Plaintiffs into the complaint, which Maguire signed.

40.    At no time did any of the individual defendants take any steps to correct their fellow defendants' fabrications and omissions, or otherwise ensure that prosecutors were given a full and accurate statement of the facts surrounding defendants' entry into the premises or plaintiffs' arrests.

41.    Plaintiffs made a number of court appearances before the case against plaintiffs was ultimately dismissed.

42.    As a result of the defendants' actions, plaintiffs suffered physical injuries, mental and emotional harm of a permanent nature, loss of liberty, loss of reputation, and other damages.

43.    At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the

7

Case 1:17-cv-00323-LTS-HBP Document 28-2 Filed 10/02/17 Page 8 of 18

said events.

44.    That at all times relevant herein, the individual defendants were acting under color of law and within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

45.    Plaintiffs repeat and reallege each and every allegation above as if fully set forth herein.

46.    The individual defendants unlawfully and wrongly entered the premises by fabricating evidence of probable cause and by threatening deadly force if plaintiffs did not agree to their entry.

47.    Having unlawfully entered the premises, the individual defendants willfully and intentionally seized and arrested plaintiffs without probable cause, and without a reasonable basis to believe such cause existed, or otherwise failed to intervene while their fellow officers engaged in this unconstitutional conduct.

48.    The plaintiffs were held in custody without legal cause for their seizure or arrest, and without any reasonable basis for the individual defendants to believe such cause existed.

49.    To the extent that any of the individual defendants did not affirmatively engage in such conduct, each such defendant was aware of the unlawful and/or unconstitutional acts of his or her fellow defendants, and failed to take any corrective steps or otherwise intervene in the other

Case 1:17-cv-00323-LTS-HBP   Document 30   Filed 11/17/17   Page 9 of 18

defendants' misconduct, despite ample opportunity to do so during the time plaintiffs were prosecuted.

50.     Accordingly, each defendant is liable for (i) directly participating in the conduct complained of herein, or (ii) failing to intervene in order to prevent or limit such misconduct.

51.     By so doing, the individual defendants, individually and collectively subjected the plaintiffs to (i) the unlawful entry, search, and seizure of the premises, as well as their (ii) false arrest and imprisonment, and thereby violated and aided and abetted in the violation of plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

52.  By so doing, the individual defendants, individually and collectively, also subjected the plaintiffs to excessive force by threatening the use of deadly force and by actually using force to effectuate their entry into the premises and the arrest of the plaintiffs.

53.     By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish and emotional distress, damage to and loss of their property, the loss of liberty, and the deprivation of their constitutional rights.

**SECOND CAUSE OF ACTION**

54.     Plaintiffs repeat and reallege each and every allegation above as if fully set forth herein.

55.     The individual defendants unlawfully entered the premises without permission, exigency, or a lawfully issued warrant, and thereafter searched the

Case 1:17-cv-00323-LTS-HBP Document 26-2 Filed 10/02/17 Page 10 of 18

premises.

56.    The individual defendants are therefore liable under state law for the unlawful entry and search of the premises.

57.     By reason thereof, the individual defendants have caused plaintiffs to suffer emotional and physical injuries, mental anguish and emotional distress, damage to and loss of their property, and the loss of their liberty and civil rights.

## THIRD CAUSE OF ACTION

58.    Plaintiffs repeat and reallege each and every allegation above as if fully set forth herein.

59.    The individual defendants unlawfully seized and arrested plaintiffs without probable cause to do so.

60.    The plaintiffs were aware of their confinement and did not consent to such confinement.

61.    The individual defendants are therefore liable under state law for falsely arresting and imprisoning the plaintiffs.

62.     By reason thereof, the individual defendants have caused plaintiffs to suffer emotional and physical injuries, mental anguish and emotional distress, damage to and loss of their property, and the loss of their liberty and civil rights.

## FOURTH CAUSE OF ACTION

63.    Plaintiffs hereby reallege and incorporate by reference all of the preceding paragraphs as though they were fully set forth herein.

Case 1:17-cv-00323-LTS-HBP Document 26-2 Filed 10/02/17 Page 11 of 18

64.     The individual defendants employed more force than was reasonably necessary under the circumstances, and further threatened the plaintiffs with violence without cause or justification.

65.     The individual defendants are therefore liable to the plaintiffs for having assaulted them by placing them in fear of imminent harm for themselves and fellow plaintiffs.

66.     The individual defendants are also liable for battery and the use of unnecessary force for the force used during and subsequent to the seizure.

67.     By reason thereof, the individual defendants have caused plaintiffs to suffer emotional and physical injuries, mental anguish and emotional distress and the loss of their liberty and civil rights.

## FIFTH CAUSE OF ACTION

68.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

69.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiffs under 42 U.S.C. § 1983 for the violation of their constitutional right to be free from (i) the denial of a fair trial, and (ii) malicious prosecution under the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

70.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiffs of their constitutional rights.     The prosecution by defendants of plaintiffs constituted malicious

Case 1:17-cv-00323-LTS-HBP Document 26-2 Filed 10/02/17 Page 12 of 18

prosecution in that there were no basis for the plaintiffs' arrest, yet defendants continued with the prosecution, which were each terminated in plaintiffs' favor.

71.     Defendants knowingly communicated false and misleading statements to prosecutors in which they fabricated or otherwise misstated the purported basis for plaintiffs' arrest, when they knew that such statements were false and that there was no basis for their entry into the premises or plaintiffs' arrests and prosecutions.

72.     To the extent that any of the individual defendants did not affirmatively engage in such conduct, each such defendant was aware of the unlawful and/or unconstitutional acts of his or her fellow defendants, and failed to take any corrective steps or otherwise intervene in the other defendants' misconduct, despite ample opportunity to do so during the time plaintiffs were prosecuted.

73.     Accordingly, each defendant is liable for (i) directly participating in the conduct complained of herein, or (ii) failing to intervene in order to prevent or limit such misconduct.

74.     The fabricated and misleading statements were the proximate cause of the plaintiffs' loss of liberty as a result of their arrest and prosecutions.

75.     As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## SIXTH CAUSE OF ACTION

76.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

77.     By their conduct, as described herein, defendants are liable to plaintiffs for having committed malicious prosecution under the laws of the State of New York.

78.     Defendants maliciously commenced criminal proceeding against plaintiffs, charging them with various crimes.  Defendants falsely and without probable cause charged plaintiffs with violations of the laws of the State of New York.

79.     The commencement and continuation of the criminal proceedings against plaintiffs was malicious and without probable cause.

80.     All charges were terminated in plaintiffs' favor.

81.     Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiffs.  Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

82.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein

## SEVENTH CAUSE OF ACTION

83.     Plaintiffs repeat and reallege each and every allegation above as if fully set forth herein.

84.     The Defendants each maliciously and sadistically abused their

13

government power in their actions toward plaintiffs.

85.     These actions were of a kind likely to, and which in fact did, produce substantial injury to plaintiffs.

86.     The Defendants treated plaintiffs in a manner that shocks the conscience.

87.     The Defendants thus violated Plaintiffs' right to substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution.

88.     The Defendants each deprived Plaintiffs of their rights intentionally, willfully, or recklessly, under color of law.

89.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein alleged.

## EIGHTH CAUSE OF ACITON

90.     Plaintiffs repeat and reallege each and every allegation above as if fully set forth herein.

91.     The aforementioned conduct of the Defendants occurred while they were on duty and were within the scope of their authority as officers.

92.     Thus, Defendant City of New York is liable to Plaintiffs for their damages under the doctrine of *respondeat superior* for the actions of the officers.

## NINTH CAUSE OF ACTION

93.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

14

94.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

95.     Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth, Sixth and Fourteenth Amendments.

96.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TENTH CAUSE OF ACTION

97.     Plaintiffs repeat the preceding allegations as though stated fully herein.

98.     Not only has the municipal defendant effectively ratified such misconduct by NYPD members generally, the foregoing violations of plaintiffs' federal constitutional rights and injuries were further directly, foreseeably, proximately, and substantially caused by conduct, chargeable to the defendant City of New York, amounting to deliberate indifference to the constitutional rights of persons, including plaintiff, who are subjected to excessive force and other misconduct by officers the NYPD know have a demonstrated history of such misconduct.

99.     Upon information and belief, the municipal defendant was on notice prior to October 30, 2015, that the individuals defendants had a history of engaging in misconduct, including, but not limited to, unlawful and otherwise unjustified acts of violence and other misconduct. Notwithstanding

15

Case 1:17-cv-00323-LTS-HBP Document 26-2 Filed 10/02/17 Page 16 of 18

such notice, the NYPD failed to take any meaningful supervisory action or otherwise reasonably respond to the defendants' conduct, covered up their further misconduct, and left the defendants in place to continue their pattern and practice of unconstitutional behavior.

100.    Upon information and belief, each of the individual defendants has also amassed a number of civilian complaints for a variety of misconduct.

101.    Notwithstanding the litany of complaints concerning the defendants' prior use of excessive force, the City of New York continued to employ the defendants without any change in their status.

102.    Moreover, there were, on information and belief, no meaningful investigations into these complaints, and certainly no attempt whatsoever by the NYPD or the City of New York to examine the defendants' general conduct towards the public. Put differently, the City was aware of this pattern of excessive force by some or all of the individual defendants, yet, upon information and belief, made no effort to modify, increase, supplement, or otherwise intensify the defendants' supervision, or otherwise ensure that he had not and would not engage in such blatant misconduct.

103.    The City of New York's refusal to impose any discipline, to conduct any meaningful investigation, or to otherwise express even the slightest scintilla of concern that the individual defendants were prone to unnecessary and unjustifiable violence was a clear and unequivocal endorsement of the defendants' misconduct that could only be understood as a ratification of this past misconduct that encouraged the defendants to continue to engage in

such misuses of force.

104. Such actions by the City of New York are a reflection of the municipal defendant's repeated and untenable abdication of its responsibility to supervise and discipline its employees, and to otherwise protect the public from officers the NYPD knows are a threat to the public's safety and well being, and evince a complete disregard and deliberate indifference to the rights and welfare of those with whom these officers, and the defendants in particular, interact.

105. These actions further reflect a policy, custom, and practice, or a ratification thereof through a demonstrated failure to act to curtail such behavior, and thus the aforesaid policies, procedures, regulations, practices and/or customs of the municipal defendant were, collectively and individually, a substantial factor in bringing about the aforesaid constitutional violations by the individual defendants.

106. The City's abdication of its duty to supervise its police officers, and its tacit, if not overt, endorsement of excessive force and similar misconduct, reflects the City's deliberate indifference to the established risks that such conduct poses to the public at large.

107. The City's failure to act in the face of overwhelming evidence that the defendants were prone to excessive and unnecessary violence against civilians is evidence of its deliberate indifference to the individual defendants' demonstrated pattern of behavior, and the very real risk that they would continue to engage in constitutional violations, such as the assault that they

17

eventually committed against plaintiff.

108.   By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

**PRAYER FOR RELIEF**

**WHEREFORE,** plaintiffs demand judgment against the defendants, jointly and severally, as follows:

a)  Award compensatory damages against the defendants;

b)  Award punitive damages against the individual defendants;

c)  Award costs of this action to the plaintiffs;

d)  Award reasonable attorneys' fees and costs to the plaintiffs pursuant to 28 U.S.C. § 1988;

e)  Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiffs hereby demand a jury trial.

Dated:       September 8, 2017
             Brooklyn, New York

_____
Amy Rameau, Esq.
The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
(718) 852-4759
rameaulawny@gmail.com